IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA BLINKHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| VININGS JUBILEE PARTNERS II, | ) | |
| L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, JESSICA BLINKHORN, by and through the undersigned counsel, and files this, her Complaint against Defendant VININGS JUBILEE PARTNERS II, L.P. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2.     Venue is proper in the federal District Court for the Northern District

of Georgia, Atlanta Division.

## PARTIES

3.     Plaintiff JESSICA BLINKHORN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4.     Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6.     Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7.     Defendant VININGS JUBILEE PARTNERS II, L.P. (hereinafter "Defendant") is a Georgia limited partnership that transacts business in the state of Georgia and within this judicial district.

8.     Defendant may be properly served with process via its registered agent for service, to wit: Paul C. Wilgus, 4300 Paces Ferry Road, Suite 500, Atlanta, Georgia 30339.

## FACTUAL ALLEGATIONS

9.     On or about February 15, 2021, Plaintiff was a customer at "Another

Broken Egg," a business located at 4300 Paces Ferry Road, Suite 150, Atlanta, Georgia 30339.

10.    Defendant is the owner (or co-owner) of the real property and improvements that are the subject of this action. (There are multiple separate structures and improvements situated upon said real property that are collectively referenced herein as the "Facilities," and said real property shall be referenced herein as the "Property").

11.    Plaintiff lives approximately thirteen (13) miles from the Facilities and Property.

12.    Plaintiff's access to the businesses located at 4300 Paces Ferry Road, Atlanta, Georgia 30339, (Cobb County Property Appraiser's parcel number 17090900170), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

13.    Plaintiff has visited the Facilities and Property at least once before and intends on revisiting the Facilities and Property once the Facilities and Property are

made accessible.

14.   Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

15.   Plaintiff travelled to the Facilities and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE ADA AND ADAAG**</u>

16.   On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17.    The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18.   The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19.   The Facilities is a public accommodation and service establishment.

20.   The Property is a public accommodation and service establishment.

21.   Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991,

4

the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

23.    Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24.    The Facilities must be, but is not, in compliance with the ADA and ADAAG.

25.    The Property must be, but is not, in compliance with the ADA and ADAAG.

26.     Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in her capacity as a customer of the Facilities and Property, and as an advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit her access to the Facilities and Property and/or the goods, services, facilities,

privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27.    Plaintiff intends to visit the Facilities and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit her access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.    Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29.    Defendant will continue to discriminate against Plaintiff and others

with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

30.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

(a)    **EXTERIOR ELEMENTS:**

(i)    The total number of accessible parking spaces on the Property is inadequate, in violation of section 208.2 of the 2010 ADAAG standards.

(ii)    Accessible parking spaces are not properly located or distributed on the Property, in violation of sections 206.2.1 and 208.3 of the 2010 ADAAG standards. Specifically, there are multiple Facilities on the Property that do not have a proximate disabled accessible parking space, rendering them inaccessible to disabled patrons.

(iii)    The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 107 of the Facilities is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(iv)    The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 107 of the Facilities is not adequately marked, in violation of sections 502.3.3 of the 2010 ADAAG standards.

(v)    The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 115 of the Facilities is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(vi)    The above-described ramp on the Property most proximate to Unit 115 of the Facilities does not provide for a 36" (thirty-six inch) inch clear and level landing, and is obstructed by a pole, in violation of section 406.4 of the 2010 ADAAG standards.

(vii)    The ground surface within the required maneuvering clearances

at the door to the entrance of Unit 115 of the Facilities is not level, in violation of section 404.2.4.4 of the 2010 ADAAG standards.

(viii)  The accessible parking space on the Property most proximate to Unit 150 of the Facilities has a slope and cross-slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(ix)  The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 150 of the Facilities is not adequately marked, in violation of section 502.3 of the 2010 ADAAG standards.

(x)  The ground surface within the required maneuvering clearances at the door to the entrance of Unit 150 of the Facilities is not level, in violation of section 404.2.4.4 of the 2010 ADAAG standards.

(xi)  The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 160 of the Facilities is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010

ADAAG standards.

(xii)   The accessible route on the Property leading from the above-described accessible ramp to the accessible entrances of Unit 160 of the Facilities has a cross-slope in excess of 1:48 (one to forty-eight), in violation of section 403.2 of the 2010 ADAAG standards.

(xiii)  The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 240 of the Facilities does not properly adjoin an accessible route, in violation of section 502.3 of the 2010 ADAAG standards. The route from this parking space to the most proximate tenant spaces of the Facilities requires travel within the vehicular way, and traversing speed bumps and other elevated and dangerous obstructions.

(xiv)   The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 243 of the Facilities is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards. The side flares of this ramp have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the

2010 ADAAG standards.

(xv)   The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 243 of the Facilities also has inadequate dimensions and is not adequately marked, in violation of sections 502.3.1 and 502.3.3 of the 2010 ADAAG standards.

(xvi)  The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property, in violation of section 206.2.2 of the 2010 ADAAG standards.

(xvii) The signage for the accessible parking space on the Property most proximate to Unit 405 of the Facilities is not installed at a permissible height, in violation of section 502.6 of the 2010 ADAAG standards.

(xviii) The accessible parking space on the Property most proximate to Unit 405 of the Facilities and its adjacent access aisle are not properly marked, in violation of sections 502.1 and 502.3 of the 2010 ADAAG standards.

(xix)  The access aisle adjacent to the accessible parking space on the

11

Property most proximate to Unit 405 of the Facilities is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards. The side flares of this ramp have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(xx)   The accessible parking space on the Property most proximate to Unit 472 of the Facilities and its adjacent access aisle each have a slope and cross-slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(xxi)  The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 472 of the Facilities is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards. Said access aisle is not adequately marked, in violation of section 502.3 of the 2010 ADAAG standards.

(xxii) In multiple areas where accessible routes are available on the Property connecting the Facilities, they are punctuated by curb ramps that have running slopes in excess of 1:10 (one to ten),

side flares with slopes in excess of 1:10 (one to ten), in violation of sections 405.2 and 406.3 of the 2010 ADAAG standards.

**(b)    INTERIOR ELEMENTS:**

(i)     The interior of Unit 150 of the Facilities has a bar lacking any portion of which that has a maximum height of 34" (thirty-four inches) from the finished floor, in violation of section 902.3 of the 2010 ADAAG standards.

(ii)    The restrooms in Unit 150 of the Facilities have sinks that do not provide for adequate knee and toe clearance thereunder, in violation of section 606.2 of the 2010 ADAAG standards.

(iii)   The soap dispensers in the restrooms in Unit 150 of the Facilities are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(iv)    The accessible toilet stall doors in the restrooms in Unit 150 of the Facilities are not self-closing, in violation of section 604.8.2.2 of the 2010 ADAAG standards.

(v)     The toilet stall doors in the restrooms in Unit 150 of the

Facilities have locks that require pinching, twisting and an opening force in excess of 5 lbs. (five pounds), in violation of sections 309.4 and 404.2.7 of the 2010 ADAAG standards.

(vi)   The toilet paper dispensers in the restrooms in Unit 150 of the Facilities are positioned outside the permissible reach ranges set forth in section 604.7 of the 2010 ADAAG standards.

(vii)  The hand operated flush controls on the commodes in the accessible toilet stalls in the restrooms in the Facility are not located on the open side of the accessible stalls, in violation of section 604.6 of the 2010 ADAAG standards.

31.    Without limitation, the above-described violations of the ADAAG made it more difficult and dangerous for Plaintiff to exit and re-enter her vehicle while on the Property, more difficult and dangerous for Plaintiff to travel upon the accessible routes on the Property, and more difficult for Plaintiff to utilize the restroom in the Unit 150 portion of the Facilities.

32.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facilities and Property.

33.    Plaintiff requires an inspection of Facilities and Property in order to

determine all of the discriminatory conditions present at the Facilities and Property in violation of the ADA.

34.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.      All of the violations alleged herein are readily achievable to modify to bring the Facilities and Property into compliance with the ADA.

36.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

37.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

38.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39.     Plaintiff is without adequate remedy at law, is suffering irreparable

harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

40.    Plaintiff's requested relief serves the public interest.

41.    The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant in violation of the ADA and ADAAG;

(b)    That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)    That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to, and useable by,

16

individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: March 4, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich